# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

### PACER Cover Sheet
### for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:**  Dale Schueller, et al. v. Minerva J. Balizan-Diaz

**Case Number:**  04-01159

---

### Document Information

**Description:**  Memorandum Opinion re: [13-1] Motion For Summary Judgment by Minerva J. Balizan-Diaz .

Received on:  2005-03-16 11:16:39.000

**Date Filed:**  2005-03-16 00:00:00.000

**Date Entered On Docket:**  2005-03-17 00:00:00.000

---

### Filer Information

**Submitted By:**  James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

In re:
MINERVA J. BALIZAN-DIAZ,
    Debtor.                          No. 7-04-12868 SL

DALE SCHUELLER, et al.,
    Plaintiffs,
v.                              No. 04-1159 S

MINERVA J. BALIZAN-DIAZ,
    Defendant.

## MEMORANDUM OPINION ON DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

    This matter is before the Court on Defendant's Motion for Summary Judgment ("Motion")(doc. 13) and Plaintiffs' reply thereto (doc. 16). Plaintiffs appear through their attorney Holt & Baggington, P.C. (Matthew P. Holt). Defendant appears through her attorney Steve H. Mazer. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

**PROCEDURAL ISSUES**

    Defendant's Motion seeks summary judgment under Bankruptcy Rule 7056, which adopts Fed.R.Civ.P. 56. Federal Rule 56 states, in part:

> ...
> (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.
> (c) Motion and Proceedings Thereon. ... The judgment sought shall be rendered forthwith if the pleadings,

depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if
any, show that there is no genuine issue as to any
material fact and that the moving party is entitled
to a judgment as a matter of law.
(e) Form of Affidavits; Further Testimony; Defense
Required.  Supporting and opposing affidavits shall
be made on personal knowledge, shall set forth such
facts as would be admissible in evidence, and shall
show affirmatively that the affiant is competent to
testify to the matters stated therein.  Sworn or
certified copies of all papers or parts thereof
referred to in an affidavit shall be attached
thereto or served therewith.  The court may permit
affidavits to be supplemented or opposed by
depositions, answers to interrogatories, or further
affidavits.

"A summary judgment motion must be supported in such a way as

to allow a bankruptcy court to credibly determine if 'there is

no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law.'" <u>Harris</u>

<u>v. Beneficial Oklahoma, Inc. (In re Harris)</u>, 209 B.R. 990, 995

(10th Cir. B.A.P. 1997)(<u>quoting</u> Fed.R.Civ.P. 56(c).)

Although affidavits are not strictly required by
Rule 56 or case law, in practice they are usually
necessary to obtain summary judgment.... [I]t makes
sense to distinguish between affidavits that
primarily give testimony and affidavits that are
used primarily to introduce documents so that the
court may consider the documents in determining
whether material factual matter is genuinely in
dispute.  A party seeking to rely on material other
than affidavits to obtain summary judgment may
nonetheless need to use an affidavit to place these
materials before the court and into the official
record. ...
In order for documents not yet part of the court
record to be considered by a court in support of or
in opposition to a summary judgment motion they must

Page -2-

meet a two-prong test: (1) the document must be
attached to and authenticated by an affidavit which
conforms to Rule 56(e); and (2) the affiant must be
a competent witness through whom the document can be
received into evidence. ...
Documentary evidence for which a proper foundation
has not been laid cannot support a summary judgment
motion, even if the documents in question are highly
probative of a central and essential issue in the
case.

Id. at 995-96 (quoting 11 James Wm. Moore et al., Moore's
Federal Practice §§ 56.10[4][c][i] & 56.14[2][c](3d ed.
1997)(footnotes omitted.)). See also United States v. Dibble,
429 F.2d 598, 602 (9th Cir. 1970)(Unauthenticated summary
judgment exhibits are inadmissible hearsay.); White v. Wells
Fargo Guard Services, 908 F.Supp. 1570, 1579 (M.D. Ala.
1995)(Court may not consider documents not sworn or certified
as required by Fed.R.Civ.P. 56(e).)

Defendant's Motion contains no affidavits, there are no
previous affidavits on file in this case, and the exhibits
attached to the Motion are inadmissible hearsay. Therefore,
the Court cannot consider the exhibits as part of the Motion[1].

_____

[1] Plaintiffs did not object to the Motion's exhibits or
move to strike them. However, under Rule 56(c), the Court
shall render a judgment if there is no genuine issue of
material fact and "the moving party is entitled to a judgment
as a matter of law." This Court believes that a party is not
entitled to judgment as a matter of law based on inadmissible
evidence. Therefore, Plaintiffs failure to object is not
determinative.

Page -3-

A motion based on one or more pleadings alone is the equivalent of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) or 12(c)[2]. 10A Wright, Miller, and Kane, Fed. Prac. & Proc. Civ. 3d § 2722 (1998 & Supp. 2004); <u>Aldera Corp. v. MJ Research Inc.</u>, 297 F.Supp.2d 459, 460 (D. Ct. 2004). Therefore, the Court will treat the Motion as one to dismiss under Rule 12(b)(6).

When deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded allegations as true, <u>Albright v. Oliver</u>, 510 U.S. 266, 268 (1994), and draw all reasonable inferences in favor of the pleader, <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle plaintiff to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." <u>Scheuer</u>, 416 U.S. at 236.

---

[2] Rule 12(c) provides for judgment on the pleadings "after the pleadings are closed." The pleadings have not closed in this case.

Case 04-01159-s    Doc 36    Filed 03/16/05    Entered 03/17/05 14:10:00 Page 5 of 30

**THE COMPLAINT**

Plaintiffs allege that $210,940.08 remains due on a state court Default Judgment, and that they discovered that this debt is based in part upon money being obtained by Defendant under false pretenses, false representations and actual fraud, while Defendant was acting in a fiduciary capacity for Plaintiffs[3]. Plaintiffs allege that Plaintiffs and Defendants entered into an agreement before September 14, 1998 to operate a business for profit as a New Mexico limited liability company ("LLC"). The LLC was never formed, but the parties started the business anyway. Defendant was to be in full charge of the business. Plaintiffs did not participate in managing the business. On four different specified dates Plaintiffs loaned a total of $45,000 to Defendant, which was deposited into the business account. These amounts, as well as other amounts given by check in an amount to be determined, were to be used by Defendant in capitalizing the business. Based on information Plaintiffs obtained in the state court

---

[3] Defendant argues that because causes of action under 523(a)(2) and 523(a)(4) are not broken out in the complaint specifically, it should be dismissed. While the Court agrees that the complaint, filed by previous counsel, is difficult to follow, under Fed.R.Civ.P. 8(e) and (f) no technical forms of pleading are required and pleadings should be construed to do substantial justice. Therefore, it will not be dismissed on those grounds.

case, they allege "upon information and belief" that Defendant diverted the funds to her own use by transferring the money to her sole proprietorship and then to herself and her husband. Plaintiffs also allege "upon information and belief" that Defendant diverted revenue from the business by using the business' funds to purchase inventory for her sole proprietorship and by registering business sales as sole proprietorship sales.

Plaintiffs seek a determination that the $45,000 loaned was an extension of credit obtained under false pretenses, false representations, or fraud, and constitutes defalcation as a fiduciary or embezzlement. Plaintiffs also seek a determination that the diversion of sales revenues is a defalcation by a fiduciary or embezzlement. Plaintiffs cite both 11 U.S.C. § 523(a)(2) and 11 U.S.C. § 523(a)(4)[4].

---

[4] 11 U.S.C. § 523 provides, in part:
(a) A discharge under section 727... of this title does not discharge an individual debtor from any debt–
...
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
...
(4) for fraud or defalcation while acting in a
<span style="float:right">(continued...)</span>

**DEFENDANT'S MOTION**

Defendant's Motion has two main arguments.  First, it argues that under the principles of res judicata and collateral estoppel, because the original and amended state court complaints that resulted in the Default judgment made no allegations to support a Section 523 claim, the Plaintiff is now precluded by the Default Judgment from raising those issues in this adversary.  Second, it argues 1) that the complaint fails to state a claim because fraud was not pled specifically and 2) that the complaint does not state a cause of action for breach of fiduciary duty or embezzlement.  These will be addressed in turn.

**A.    Res Judicata and Collateral Estoppel**

Plaintiff's Memorandum in Opposition to Defendants Motion for Summary Judgment (doc. 16) correctly states the current bankruptcy law on res judicata and collateral estoppel.  Under Archer v. Warner, 538 U.S. 314 (2003)[5] and Brown v. Felsen, 442 U.S. 127 (1979), it does not matter if a state court

---

[4](...continued)
fiduciary capacity, embezzlement, or larceny...

[5] The Archer court specifically rejected the "novation theory" applied by the Fourth Circuit.  538 U.S. at 320. Under this theory, a settlement converts a potentially nondischargeable tort claim into a dischargeable contract claim.  Archer v. Warner (In re Warner), 283 F.3d 230, 236 (4th Cir. 2002).

Case 04-01159-s    Doc 36    Filed 03/16/05    Entered 03/17/05 14:10:00 Page 8 of 30

lawsuit fails to allege the elements of a dischargeability complaint, and, after settlement or judgment, if a bankruptcy is filed, the bankruptcy court is free to look behind the settlement or judgment to see if the underlying debt was one that would be nondischargeable.  Defendant's cases to the contrary were either reversed or are overruled.[6]  Therefore, even if Defendant's exhibits, which have not been considered, showed that the state court complaint did not contain Section 523 allegations, Defendant's motion should be denied.

**B.** **Failure to State a Claim**

    **1.** **The Rule 9(b) motion.**

Federal Rule of Civil Procedure 9(b) states "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  Defendant, citing American Express

---

[6] Specifically, Archer v. Warner (In re Warner), 283 F.3d 230 (4th Cir. 2002) was reversed by the Supreme Court at 538 U.S. 314 (2003).  Monsanto Co. v. Trantham (In re Trantham), 286 B.R. 650 (Bankr. W.D. Tenn. 2002) was reversed by the Sixth Circuit Bankruptcy Appellate Panel at 304 B.R. 298 (6th Cir. BAP 2004).  Oltman v. West (In re West), 157 B.R. 626 (Bankr. N.D. Ill. 1993) was affirmed by the Seventh Circuit at 22 F.3d 775, 777 (7th Cir. 1994) by applying the novation theory, so is no longer good law.  Cheripka v. Republic Ins. Co. (In re Cheripka), 1991 WL 276289 (3rd Cir. 1991) was vacated by the Third Circuit on January 22, 1992 in an unpublished opinion, and therefore is no longer good law.

_Travel Related Services Co., Inc. v. Henein_, 257 B.R. 702, 706
(E.D. N.Y. 2001), claims that this rule requires a complaint
to set forth the alleged fraudulent statements, identity of
the speaker, time and place of the statements, and nature of
the misrepresentation.  Defendant, _citing_ _Madison-Onondaga_
_Corp. v. Kanaley (In re Kanaley)_, 241 B.R. 795, 803 (Bankr.
S.D. N.Y. 1999), also claims that Rule 9 prohibits pleading
fraud or misrepresentation based "on information and belief."
Because the complaint fails to specify some of the
requirements of _Henein_ and makes two statements based on
information and belief, Defendant asks the Court to dismiss[7].

The Tenth Circuit strictly adheres to a "relaxed pleading
standard" for Rule 9(b).  _Scheidt v. Klein_, 956 F.2d 963, 967
(10th Cir. 1992).  Rule 9(b) should be read in conjunction with
Rule 8 which calls for pleadings to be simple, concise, and
direct and to be construed as to do substantial justice.
_Schwartz v. Celestial Seasonings, Inc._, 124 F.3d 1246, 1252
(10th Cir. 1997).  Rule 9(b) requires only the identification
of the "circumstances constituting fraud."  _Id._

[There is a ] distinction between the pleading of
the "circumstances of the fraud," as required by the

---

[7] A dismissal under Rule 9(b) is treated as a motion to
dismiss for failure to state a claim under Rule 12(b)(6).
_Seattle-First National Bank v. Carlstedt_, 800 F.2d 1008, 1011
(10th Cir. 1986).

> rule, and the pleading of "facts." Although
> circumstances may consist of facts, the obligation
> to plead circumstances should not be treated as
> requiring allegations of facts in the pleading, and
> neither Rule 8 nor Rule 9(b) requires fact pleading,
> although, realistically, that often will be the
> easiest way to present the necessary material
> regarding the alleged fraud.

5A Wright, Miller, and Kane, Fed. Prac. & Proc. Civ. 3d § 1298

(1998 & Supp. 2004)(footnotes omitted.) Furthermore,

allegations of fraud may be based on information and belief

when the facts in question are particularly within the

opposing party's knowledge and the complaint sets forth the

factual basis for that belief. Scheidt, 956 F.2d at 967;

Kanaley, 241 B.R. at 803. "Simply stated, a complaint must

set forth the time, place and contents of the false

representation, the identity of the party making the false

statements and the consequences thereof." Schwartz, 124 F.3d

at 1252. (Citations and quotation marks omitted.) "Mere

conclusory allegations of fraud" are insufficient. Id.[8]

_____

[8] The forms approved by Fed.R.Civ.P. 84 illustrate how
minimal can be the allegations in a complaint and still be
sufficient. The substantive allegations of several of the
forms comprise no more than one or two sentences. Judge
Easterbrook's standard is similarly minimal (but more
memorable):
> Fed.R.Civ.P. 9(b) requires the plaintiff to state
> "with particularity" any "circumstances constituting
> fraud". Although states of mind may be pleaded
> generally, the "circumstances" must be pleaded in
> detail. This means the who, what, when, where and
>                                            (continued...)

Page -10-

The Court finds that the complaint in this case meets the requirements of Rule 9(b).  It identifies a single defendant and there is no question regarding the identity of the speaker.  It states that the parties entered into an agreement to operate together a business for profit.  It specifically lists four transfers of funds to defendant, the dates, and the identity of the accounts into which the funds were deposited. It states that the funds "were to be used by the defendant in capitalizing [the business]", but that she diverted the funds to her own use.  These allegations, together, put Defendant on notice of the nature of the claims and allow her to defend against them.  They sufficiently describe the "circumstances of fraud."

The complaint has two allegations "upon information and belief."  The first, ¶ 4(g), states that while the funds were to be used by Defendant to capitalize the business, "Defendant on information and belief obtained during the course of litigation in New Mexico Third Judicial Court instead diverted the funds to her own use."  The second, ¶ 4(h) states that upon information and belief, defendant diverted revenues from

_____

[8](...continued)
how: the first paragraph of any newspaper story.
Dileo v. Ernst & Young, 901 F.2d 624, 628 (7th Cir. 1990), cert. denied, 498 U.S. 941.

Case 04-01159-s   Doc 36   Filed 03/16/05   Entered 03/17/05 14:10:00 Page 12 of 30

the business and registered sales from the business as sales attributable to her own business.  These allegations are not of fraudulent statements by the Defendant capable of being identified as to time, place, or location.  Rather, these are actions which, if proven, can possibly establish the fraud of earlier representations.  Therefore, they can be construed as allegations of intent or purpose of Defendant's actions, and under Rule 9(b) can be averred generally.  Furthermore, the acts alleged in these two paragraphs are peculiarly within Defendant's knowledge, and Plaintiffs should be given the opportunity for discovery.  The complaint will not be dismissed under Rule 9(b).

   **2.  Breach of fiduciary duty; Embezzlement.**

   **a. Fiduciary Duty.**

   In Employers Workers' Compensation Assoc. v. Kelley (In re Kelley), 215 B.R. 468, 471-72 (10th Cir. BAP 1997), the Tenth Circuit Bankruptcy Appellate Panel discussed fiduciary duty:

> Section 523(a)(4) of the Bankruptcy Code excepts
> from discharge any debt "for fraud or defalcation
> while acting in a fiduciary capacity."  The Tenth
> Circuit recently explained the meaning of "fiduciary
> capacity" in this provision.
>     The existence of a fiduciary relationship under
> § 523(a)(4) is determined under federal law.
> However, state law is relevant to this inquiry.
> Under this circuit's federal bankruptcy case
> law, to find that a fiduciary relationship

Page  -12-

> existed under § 523(a)(4), the court must find
> that the money or property on which the debt at
> issue was based was entrusted to the debtor.
> Thus, an express or technical trust must be
> present for a fiduciary relationship to exist
> under § 523(a)(4). Neither a general fiduciary
> duty of confidence, trust, loyalty, and good
> faith, nor an inequality between the parties'
> knowledge or bargaining power, is sufficient to
> establish a fiduciary relationship for purposes
> of dischargeability. "Further, the fiduciary
> relationship must be shown to exist prior to the
> creation of the debt in controversy." [Allen v.
> Romero (In re Romero)], 535 F.2d [618,] 621
> [(10th Cir. 1976)].
>
> Fowler Bros. v. Young (In re Young), 91 F.3d 1367,
> 1371-72 (10th Cir. 1996)(additional citations
> omitted). We are, of course, obliged to apply this
> narrow view of the fiduciaries who are covered by §
> 523(a)(4).

The Kelley court also noted that state statutes often, but not

always, impose trusts on persons held to be fiduciaries as a

matter of law based on their relationships. Id. at 473. See

also Van de Water v. Van de Water (In re Van de Water), 180

B.R. 283, 289 (Bankr. D. N.M. 1995)("The trust requirement is

not limited to trusts arising out of a formal agreement, but

includes relationships in which trust-type obligations are

imposed pursuant to statute or common law.")(Citation

omitted.) A state statute must meet three requirements to

trigger section 523(a)(4)'s fiduciary status: (1) the trust

res must be defined by the statute, (2) the statute must spell

out the fiduciary duty, and (3) the statute must impose a

Case 04-01159-s   Doc 36   Filed 03/16/05   Entered 03/17/05 14:10:00 Page 14 of 30

trust on funds prior to the act creating the debt.  <u>Kelley</u>,
215 B.R. at 473.

The Court will examine the complaint in light of these
factors.  First, the Court notes that the existence of a
fiduciary duty is a question of law, not a fact that can be
pled.  <u>Van de Water</u>, 180 B.R. at 289 (Fiduciary capacity is a
question of federal law; the general definition of fiduciary
is too broad in the dischargeability context.); <u>Fowler
Brothers</u>, 91 F.3d at 1371 ("The existence of a fiduciary
relationship under § 523(a)(4) is determined under federal
law.")  Therefore, the Court will disregard the Complaint's
conclusory allegations that Defendant was acting in a
fiduciary relationship and look to the well-pled facts to see
if the complaint alleges facts that could indicate such a
relationship.

The complaint does not allege any facts to support the
existence of an express trust.  Therefore, Plaintiffs must
rely on a trust imposed by state statute or common law.  The
only facts alleged that could support this are: (1) Plaintiff
Dale Schueller and Defendant entered into an agreement to
operate a business for profit to be qualified as a LLC
(¶4(a)), (2) Defendant failed to execute the paperwork to
cause the LLC to come into existence, but they proceeded with

Case 04-01159-s   Doc 36   Filed 03/16/05   Entered 03/17/05 14:10:00 Page 15 of 30

their business relationship, Plaintiffs took no part in the business, and Defendant was in full charge of the business (¶4(b)), (3) Funds were advanced to Defendant to capitalize the business but she diverted them to her own use (¶4(g)), (4) Defendant diverted revenues from the business and sales from the business to her own business (¶4(h)), and (5) Defendant rendered the business a hollowed-out hulk (¶4(i)).

Taking the allegations of the complaint as true, there was an intent to do business as an LLC that never organized. Under New Mexico law, this creates a partnership. § 54-1A-202 NMSA 1978 ("[T]he association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership.") Under New Mexico law partners have statutory and common law fiduciary duties to each other. <u>Fate v. Owens</u>, 130 N.M. 503, 509 (Ct. App.), <u>cert. denied</u>, 130 N.M. 484, 27 P.3d 476 (2001). However,

> Courts of the Tenth Circuit have uniformly held that the [Uniform Partnership Act] does not create the kind of fiduciary relationship required by § 523(a)(4). [<u>Medved v. Novak (In re ] Novak [)</u>], 97 B.R. [47] at 59 [(Bankr. D. Kan. 1987)] (UPA only creates a trust after the partners derive profits without the consent of the partnership, and the trust created is therefore that sort of trust <u>ex maleficio</u> which is not included within the purview of § 523(a)(4)); <u>Beebe v. Schwenn (In re Schwenn)</u>, 126 B.R. 351 (D. Colo. 1991)(UPA does not create fiduciary relationship); <u>Susi v. Mailath (In re</u>

Page -15-

Mailath), 108 B.R. 290 (Bankr. N.D. Okla. 1989)
(Oklahoma statutory law governing general partners
does not create the requisite trust relationship);
In re Weiner, 95 B.R. 204 (Bankr. D. Kan. 1989)(UPA
does not create fiduciary relationship); see also
Ragsdale v. Haller, 780 F.2d 794, 796 (9th Cir.
1986).

Holaday v. Seay (In re Seay), 215 B.R. 780, 786 n.4 (10th Cir.

BAP 1997).    The provision of New Mexico's Uniform Partnership

Act ("UPA") which establishes standards of conduct is § 54-1A-

404 NMSA 1978, which provides in part:

> (a) The only fiduciary duties a partner owes to the
> partnership and the other partners are the duty of
> loyalty and the duty of care set forth in
> Subsections (b) and (c).
>
> (b) A partner's duty of loyalty to the partnership
> and the other partners is limited to the following:
>> (1) to account to the partnership and hold as
>> trustee for it any property, profit or benefit
>> derived by the partner in the conduct and
>> winding up of the partnership business or
>> derived from a use by the partner of partnership
>> property, including the appropriation of a
>> partnership opportunity;
>> (2) to refrain from dealing with the partnership
>> in the conduct or winding up of the partnership
>> business as or on behalf of a party having an
>> interest adverse to the partnership; and
>> (3) to refrain from competing with the
>> partnership in the conduct of the partnership
>> business before the dissolution of the
>> partnership.
>
> (c) A partner's duty of care to the partnership and
> the other partners in the conduct and winding up of
> the partnership business is limited to refraining
> from engaging in grossly negligent or reckless
> conduct, intentional misconduct or a knowing
> violation of law.

Page -16-

Section 54-1A-404(a) creates general fiduciary duties between partners as set forth in subsections (b) and (c).  Section 54-1A-404(b)(1) creates a trust.  The rest of subsections (b) and (c) require the partner to "refrain" from certain activities.  These latter subsections do not create a trust.  Compare Fowler Brothers, 91 F.3d at 1371 ("Under this circuit's federal bankruptcy case law, to find that a fiduciary relationship existed under § 523(a)(4), the court must find that the money or property on which the debt at issue was based was entrusted to the debtor." (Emphasis added)).

The Section 404(b)(1) trust does not meet all three standards set forth in Kelley, 215 B.R. at 473, so does not implicate Section 523(a)(4).  Section 404(b)(1) does identify the trust res, i.e., the property, profit or benefit derived by a partner from the use of partnership property.  However, Section 404(b)(1) fails to spell out any fiduciary duties[9]. Compare Kelley, 215 B.R. at 473 (Oklahoma statute that made insurance brokers responsible "in a fiduciary capacity" for

_____

[9] Furthermore, any statutory duty in this subsection is to the partnership, not the partners. ("to account to the partnership and hold as trustee for it ..." § 54-1A-404(b)(1) NMSA 1978)(emphasis added).  A Section 523(a)(4) plaintiff must prove (1) a fiduciary relationship between the plaintiff and the debtor, and (2) fraud or defalcation committed by the debtor "in the course of that fiduciary relationship." Fowler Brothers, 91 F.3d at 1371.

Case 04-01159-s   Doc 36   Filed 03/16/05   Entered 03/17/05 14:10:00 Page 18 of 30

all funds received and stated that the broker "shall not mingle any such funds" does not sufficiently define fiduciary duties to bring it within Section 523(a)(4).) The statute also does not impose a trust on funds prior to the act creating the debt; rather, the trust results from the partner's improper use of the property which is the very act creating the debt. Compare Romero, 535 F.2d at 621 ("Further, the fiduciary relationship must be shown to exist prior to the creation of the debt in controversy.") and 535 F.2d at 622 ("[T]he obligations and duties imposed under § 67-35-26, supra, were binding upon Romero prior to any dealings he had with Allen.") Therefore, the simple fact that the parties were in a partnership[10] does not establish a fiduciary duty for

---

[10] Plaintiffs' complaint in this case alleges that the LLC was never formed. Because the Court is treating this matter as a motion to dismiss, those allegations are assumed true. Defendant's Summary Judgment Motion's inadmissible exhibits attempt to show that the LLC was, in fact, organized. Defendant's brief claims the LLC was organized. Plaintiffs' Memorandum in Opposition at page 9 appears to concede the formation of the LLC: "Schueller was a member of WildShooz Too!, and has been damaged as a result of a breach to the entity. ... He is alleging that [Debtor], who owed a fiduciary duty to the company, purposely and willfully misdirected money that was intended to go to the limited liability company into her own business pursuits, causing injury to the members." Defendant's exhibits also included an unsigned Operating Agreement for the LLC, but the brief admitted that it was unknown whether it was ever signed.
Even if the LLC were organized, the Court's analysis is the same (absent an operating agreement to the contrary). The
(continued...)

Case 04-01159-s  Doc 36  Filed 03/16/05  Entered 03/17/05 14:10:00 Page 19 of 30

parties argue whether § 53-19-13 limits Defendant's duties.
This section, however, deals with the liability of members and
managers of an LLC to third parties for debts and liabilities
of the LLC.  Plaintiffs are not claiming the LLC owes them
anything in this adversary proceeding.  This section does not
apply.  Furthermore, this section states: "Nothing in this
section shall be construed to immunize any person [note: not
just member or manager] from liability for the consequences of
his own acts or omissions for which he otherwise may be
liable."

      Section 53-19-16 is more relevant and provides, in part:

      ...

      B. a member who is vested with particular management
      responsibilities by the articles of organization or
      an operating agreement or a manager shall not be
      liable, responsible or accountable in damages or
      otherwise to the limited liability company or to the
      other members solely by reason of his act or
      omission on behalf of the limited liability company
      in his capacity as a member having particular
      management responsibilities or as a manager, unless
      such act or omission constitutes gross negligence or
      willful misconduct;

      ...

      D. every member who is vested with particular
      management responsibilities by the articles of
      organization or an operating agreement and every
      manager shall account to the limited liability
      company and hold as trustee for it any profit or
      benefit he derives from:

      ...

            (2) any use by such member or manager of the
            company's property, including confidential or
            proprietary information of the limited liability
            company or other matters entrusted to him as a
            result of his status as a member or manager
            unless: ...

This statute is very similar to § 54-1A-404(b)(1) dealing with
a partner's duty to hold as trustee any property, profit or
benefit derived from a use of partnership property.  While it
does identify a trust res, it fails to prescribe any fiduciary
duties and the trust does not arise until there is an improper
(continued...)

the purposes of the Bankruptcy Code on Defendant's part.  The
Court therefore concludes that Plaintiffs' section 523(a)(4)
claim for defalcation while acting in a fiduciary capacity
should be dismissed for failure to state a claim.

Defendant also argues that any fiduciary responsibility
that existed would only be to the business, not to Plaintiffs.
Defendant's Memorandum in Support of Motion for Summary
Judgment, doc. 13, exhibit A, p. 8.  This argument is based on
language in a disregarded Exhibit to the Motion and New Mexico
statutes regarding LLC's.  While the Court has not considered
the exhibit and in this motion to dismiss the Court deems that
no LLC was formed, this argument does raise prudential
concerns that the Court must address[11].  Bankruptcy Rule 7017

_____

[10](...continued)
use.  _See_ _Kelley_, 215 B.R. at 473.  Therefore, whether the LLC
was organized or not, the result would be the same.  There is
no trust for Plaintiffs.

[11]      In addition to satisfying the prerequisites
         for constitutional standing, a plaintiff
         must also meet, generally speaking, the
         requirements of prudential standing, a
         judicially-created set of principles that,
         like constitutional standing, places
         "limits on the class of persons who may
         invoke the courts' decisional and remedial
         powers." _Warth [v. Selden]_, 422 U.S. [490]
         at 499, 95 S.Ct. 2197 [(1975)]; _see also_
         _Allen [v. Wright]_, 468 U.S. [737] at 751,
         104 S.Ct. 3315 [(1984)] (describing
                                    (continued...)

provides that Fed.R.Civ.P. 17 applies in adversary

proceedings.  Rule 17(a) states, in part:

> Real Party in Interest.  Every action shall be
> prosecuted in the name of the real party in
> interest. ...  No action shall be dismissed on the
> ground that it is not prosecuted in the name of the
> real party in interest until a reasonable time has
> been allowed after objection for ratification of
> commencement of the action by, or joinder or
> substitution of, the real party in interest; and
> such ratification, joinder, or substitution shall
> have the same effect as if the action had been
> commenced in the name of the real party in interest.

------------------------

[11](...continued)
prudential standing as "judicially
self-imposed limits on the exercise of
federal jurisdiction").  Under a prudential
standing inquiry, a party that has
satisfied the requirements of
constitutional standing may nonetheless be
barred from invoking a federal court's
jurisdiction. Bennett [v. Spear], 520 U.S.
[154] at 163, 117 S.Ct. 1154 [(1997)];
Warth, 422 U.S. at 499, 95 S.Ct. 2197.
Like its constitutional counterpart,
prudential standing establishes three
conditions a party must overcome before
invoking federal court jurisdiction.
First, a plaintiff must assert his "own
rights, rather than those belonging to
third parties." Sac & Fox Nation [of
Missouri v. Pierce], 213 F.3d [566] at 573
[(10th Cir. 2000)]; see also Warth, 422 U.S.
at 499, 95 S.Ct. 2197 (explaining that a
plaintiff "cannot rest his claim to relief
on the legal rights or interests of third
parties").
Board of County Commissioners of Sweetwater County v.
Geringer, 297 F.3d 1108, 1112 (10th Cir. 2002).

The complaint, ¶4(h) alleges that Defendant diverted revenue from the business by using the business to purchase inventory for her separate business, and by registering sales of the business as sales attributable to her separate business. Paragraph 6 alleges that these diversions of revenues and inventory is a violation of her fiduciary duty of loyalty and trust to the plaintiffs. In Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, doc. 16, at 9, Plaintiffs argue that Schueller, as a member of the business, was damaged as a result of breach to the entity; and that Defendant, who owed a fiduciary duty to the company, purposely and willfully misdirected money that was intended to go to the business into her own business pursuits, "causing injury to the members" of the business. These appear to be "derivative claims." "Generally, a derivative claim is one brought on behalf of a legal entity, such as a corporation or partnership to assert a right belonging to [that entity] or to redress a wrong done to it. Recovery generally goes to the entity harmed, rather than to individuals." <u>Losey v Norwest Bank of New Mexico, N.A. (Matter of Norwest Bank of New Mexico, N.A.)</u>, 134 N.M. 516, 524-25, 80 P.3d 98, 106-07 (Ct. App.), <u>cert. denied</u>, 134 N.M. 723, 82 P.3d 533 (2003) (Citations and internal punctuation

omitted.); <u>Meyer v. Fleming (In re Chicago, R.I. & P. Ry.</u>
<u>Co.)</u>, 327 U.S. 161, 167 (1946):

> [Stockholders' derivative suits] are likewise suits
> to enforce a corporate claim.  They are one of the
> remedies which equity designed for those situations
> where the management through fraud, neglect of duty
> or other cause declines to take the proper and
> necessary steps to assert the rights which the
> corporation has. The stockholders are then allowed
> to take the initiative and institute the suit which
> the management should have started had it performed
> its duty.  The corporation is a necessary party.
> <u>City of Davenport v. Dows</u>, 18 Wall. 626, 21 L.Ed.
> 938.  Hence, it is joined as a defendant.  But it is
> only nominally a defendant, since any judgment
> obtained against the real defendant runs in its
> favor.

(Footnote omitted.)

"Whether a complainant is the real party in interest
under state law is generally resolved by inquiring whether he
or she has standing under state law." <u>Swanson v. Bixler</u>, 750
F.2d 810 (10th Cir. 1984).  Therefore, the Court will look to
New Mexico cases to determine if Plaintiffs have standing
under state law to assert these claims.  The general rule in
New Mexico is that a real party in interest is one who owns
the right being enforced or who is in a position to discharge
the defendant from liability.  <u>Moody v. Stribling</u>, 127 N.M.
630, 634, 985 P.2d 1210, 1214 (Ct. App.), <u>cert. denied</u>, 127
N.M. 389, 981 P.2d 1207 (1999)(<u>citing</u> <u>Edwards v. Mesch</u>, 107
N.M. 704, 706, 763 P.2d 1169, 1171 (1988)).

Page -23-

In New Mexico, a partnership is an entity distinct from its partners. § 54-1A-201 NMSA 1978. Property acquired by a partnership is property of the partnership and not of the partners individually. § 54-1A-203 NMSA 1978. Property is presumed to be partnership property if purchased with partnership assets. § 54-1A-204(c) NMSA 1978. A partner is not a co-owner of partnership property and has no interest in partnership property. § 54-1A-501 NMSA 1978. A partner has a duty to the partnership to account for and hold as trustee any property, profit or benefit derived by the partner from a use of partnership property. § 54-1A-404(b)(1) NMSA 1978. A partnership may maintain an action against a partner for a breach of the partnership agreement or for the violation of a duty to the partnership. § 54-1A-405(a) NMSA 1978. A partner may maintain an action against the partnership or another partner to enforce the partner's individual rights. § 54-1A-405(b) NMSA 1978.

These statutes suggest that the Plaintiffs are not the proper parties to assert damages for the alleged diversions of inventory or revenues. The complaint clearly states that it was the business' property that was being used for Defendant's sole proprietorship. Plaintiffs had no direct interest in this property. Defendant had a duty to the business to

Case 04-01159-s    Doc 36    Filed 03/16/05    Entered 03/17/05 14:10:00 Page 25 of 30

account and hold the property, profit or benefit as trustee for the business. And, the business can bring an action against Defendant. Plaintiffs are not in a position to discharge Defendant from liability to the business. See <u>Fate</u>, 130 N.M. at 509, 27 P.3d at 996:

> It is well settled in New Mexico that shareholders of a corporation may bring a derivative action on behalf of the corporation to assert a right belonging to the corporation or to redress a wrong done to it. <u>Marchman v. NCNB Tex. Nat'l Bank</u>, 120 N.M. 74, 81-83, 898 P.2d 709, 717-18 (1995). Similarly, our Supreme Court has stated the same principle in the context of a general partnership:
>> [A] partnership is empowered to sue or to be sued in the name of the partnership, and a cause of action accruing to the partnership, for damages to partnership property or interests, belongs to the partnership rather than to individual partners. For these reasons, a partner cannot bring suit as an individual on a claim belonging to the partnership.
>
> <u>First Nat'l Bank v. Sanchez</u>, 112 N.M. 317, 325, 815 P.2d 613, 621 (1991) (citations omitted). New Mexico has recently reiterated the principle that when an action is brought to enforce a right belonging to, or redress a wrong done to, a partnership, the action should be brought derivatively in the partnership's name. <u>GCM, Inc. [v. Kentucky Central Life Ins. Co.]</u>, 1997-NMSC-052, ¶¶ 19-20, 24-27, 124 N.M. 186, 947 P.2d 143 (stating that if a duty is owed to the partnership, then only the partnership can sue for a breach of such duty).

Under Federal Rule 17(a) the Court will allow Plaintiffs to amend their complaint to include the real party in

Case 04-01159-s    Doc 36    Filed 03/16/05    Entered 03/17/05 14:10:00 Page 26 of 30

interest[12] if they decide to pursue litigation of the diversion

---

[12] This discussion is also applicable if it turns out that the LLC was organized.  LLC's are separate legal entities.  § 53-19-10(A) NMSA 1978.  Property acquired by an LLC is property of the LLC and not of the members, and the members have no interest in LLC property.  § 53-19-29(A) NMSA 1978.  Property is presumed to be LLC property if it is purchased with LLC funds.  § 53-19-29(E) NMSA 1978.  A managing member or a manager must account to the LLC and hold as trustee for it any profit or benefit derived from use of the LLC's property.  § 53-19-16(D)(2) NMSA 1978.  Suits can be brought by or against an LLC in its own name.  § 53-19-57 NMSA 1978.  A member of an LLC is not a proper party to a proceeding by or against the LLC unless the object is to enforce the member's right against or liability to the LLC.  § 53-19-14 NMSA 1978.  Suits on behalf of an LLC may be brought "in the name of the" LLC by authorized members or managers.  § 53-19-58 NMSA 1978.  These statutes suggest that members of LLC's cannot sue individually for LLC claims.  While New Mexico courts have not yet addressed this issue, other jurisdictions so find.  See, e.g., General Technology Applications, Inc. v. Exro LTDA, 388 F.3d 114, 119 (4th Cir. 2004)(Member of LLC could not enforce LLC's rights for member individually; "Virginia strictly adheres to the derivative-claim rule."); Paclink Communications Int'l, Inc. v. Superior Court of Los Angeles County, 90 Cal.App.4th 958, 964, 109 Cal.Rptr.2d 436, 440 (Ct. App. 2001):

> In this case, the essence of plaintiffs' claim is that the assets of PacLink-1 were fraudulently transferred without any compensation being paid to the LLC.  This constitutes an injury to the company itself.  Because members of the LLC hold no direct ownership interest in the company's assets (Corp. Code, § 17300), [That section provides: "A membership interest and an economic interest in a limited liability company constitute personal property of the member or assignee. A member or assignee has no interest in specific limited liability company property."] the members cannot be directly injured when the company is improperly deprived of those assets.  The injury was essentially a diminution in the value of their membership interest in the LLC occasioned by the
> (continued...)

Page -26-

claims as derivative claims.

### b. Embezzlement.

> "Embezzlement, for purposes of 11 U.S.C. § 523 'is
> the fraudulent appropriation of property by a person
> to whom such property has been entrusted, or into
> whose hands it has lawfully come, and it requires
> fraud in fact, involving moral turpitude or
> intentional wrong, rather than implied or
> constructive fraud.' " United States Life Title
> Insurance Co. v. Dohm (In re Dohm), 19 B.R. 134, 138
> (Bankr. N.D. Ill.1982) (quoting American Family
> Insurance Group v. Gumieny (In re Gumieny), 8 B.R.
> 602, 605 (Bankr. E.D. Wis.1981)).

Driggs v. Black (In re Black), 787 F.2d 503, 507 (10th Cir.

1986). A debtor may not discharge a debt, pursuant to Section

523(a)(4), based on fraud or defalcation which arose while he

or she was acting in a fiduciary capacity, or embezzlement or

larceny whether or not he or she was acting in a fiduciary

capacity. Merrywell v. Barwick (In re Barwick), 24 B.R. 703,

705 (Bankr. E.D. Va. 1982).

The complaint in this case states a cause of action for

embezzlement. It alleges transfers of funds to Defendant to

be used for a specific purpose, and intentional misuse of

---

12(...continued)
loss of the company's assets. Consequently, any
injury to plaintiffs was incidental to the injury
suffered by PacLink-1.
(Holding that trial court demurrer should be sustained because
plaintiffs had no standing to sue other than by a derivative
action. Id. at 966-67, 109 Cal.Rptr.2d at 442.)

those funds for Defendant's own purposes.  The embezzlement claims will not be dismissed.

**CONCLUSION**

For the reasons set forth above, the Court will enter an order (1) Denying that portion of Defendant's Motion for Summary Judgment on the grounds of res judicata or collateral estoppel, (2) Denying that portion of Defendant's Motion for Summary Judgment under Rule 9(b), (3) Granting that portion of Defendant's Motion that seeks dismissal of the Section 523(a)(4) claim regarding fraud or defalcation in a fiduciary capacity, (4) Giving Plaintiffs 30 days to take steps to bring into this action the real party in interest regarding claims for diversions of revenues and sales, and (5) Denying Defendant's Motion that seeks dismissal of the Section 523(a)(4) claims regarding embezzlement.

Honorable James S. Starzynski
United States Bankruptcy Judge

I hereby certify that on March 16, 2005, a true and correct
copy of the foregoing was electronically transmitted, faxed,
delivered, or mailed to the listed counsel and/or parties.

Matthew P Holt
PO Box 2699
Las Cruces, NM 88004-2699

Steve H Mazer
122 10th St NW
Albuquerque, NM 87102-2901

*James E. Burke*